IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GARRISON LASSITER,              )
                                )
          Plaintiff,            )
                                )
     v.                         )  1:18-cv-1029
                                )
NEW YORK YANKEES PARTNERSHIP,   )
an Ohio Limited Partnership,    )
                                )
          Defendant.            )
```

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, Chief District Judge.

Garrison Lassiter, proceeding pro se, seeks millions of dollars in damages from Defendant New York Yankees Partnership, an Ohio Limited Partnership ("Yankees"), which released him unconditionally from its Class A-Advanced minor league team in 2012 and — Lassiter alleges — thwarted his professional sports career "in [an] effort to protect [the] career" of then-Yankees shortstop and 14-time Major League Baseball All-Star Derek Jeter. (Doc. 1 at 7-9.) Lassiter brings state-law claims for tortious interference with contract, breach of contract, and defamation. (Id. at 8-9.)

The Yankees move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that there is no diversity between the parties because both are citizens of North Carolina, and thus that the court lacks subject matter jurisdiction over Lassiter's

claims. (Doc. 9.) The court issued Lassiter a Roseboro letter,[1] notifying him of his right to respond and the possibility that a failure to do so would result in dismissal of his case. (Doc. 12.) Lassiter did not file a response. Instead, he filed a motion for a hearing (Doc. 13), in which he states that his lawsuit is "An Investigatory Case" and that he "cannot simply get all of the information without the help of the Judge, Jury, and Fact Finders" (id. at 3). He also makes a vague reference to "US Antitrust Monopoly" and attaches what purports to be a revised civil cover sheet with the box for "antitrust" checked and the word "monopoly" handwritten next to it. (Id. at 2, 6.) But Lassiter has provided no allegation to support any type of antitrust claim, nor did he attach or file an amended complaint.[2] Thereafter, the Yankees moved to dismiss all claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 14.) Lassiter was again issued a Roseboro letter, but he again failed to respond.

"When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] The Yankees do not contest that Lassiter's filing would have been timely under Federal Rule of Civil Procedure 15(a)(1) had it contained an amended complaint.

2

is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., No. 97-12222, 1997 WL 705376, at *1 (4th Cir. Nov. 13, 1997) (citations omitted) (unpublished table decision).  Nevertheless, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks omitted).  Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Because the Yankees contend that the court lacks subject matter jurisdiction, that issue must be addressed first.  Lassiter, as the party seeking to invoke the court's authority to act, bears the burden of establishing subject matter jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936).  Lassiter has failed to meet this burden by defaulting on any response. Moreover, the court's own investigation shows that — on the pleadings and evidence before it — there is no basis for subject matter jurisdiction.

Federal courts exercise limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "Within

3

constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." Bowles v. Russell, 551 U.S. 205, 212 (2007). Relevant to this dispute, Congress permits federal courts to adjudicate civil lawsuits involving more than $75,000 brought between citizens of different states, between U.S. and foreign citizens, or by foreign states against U.S. citizens. 28 U.S.C. § 1332(a). There must be "complete diversity" — that is, no plaintiff may be from the same state as any defendant. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

This requires the court to examine the citizenship of the litigants. See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998) (distinguishing "citizenship" and "domicile" from a litigant's "residence" when assessing diversity jurisdiction). Although corporations are citizens of the state (or foreign country) in which they are incorporated and have their principal place of business, see 28 U.S.C. § 1332(c)(1), the citizenship of an unincorporated association is determined by the citizenship of its individual members, Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990); see also Indiana Gas Co. v. Home Ins. Co., 141 F.3d 314, 317 (7th Cir. 1998) ("[E]very association of a common-law jurisdiction other than a corporation is to be treated like a partnership." (emphasis omitted)). Thus, a limited partnership's "citizenship

4

is that of its members." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004); see also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (holding that "an LLC's citizenship is that of its members for diversity jurisdiction purposes").

"When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction," the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Here, the Yankees have provided evidence, by way of competent declarations, that it is a citizen of North Carolina, as is Lassiter. The Yankees is an Ohio limited partnership. (Doc. 10-1 ¶ 3.) Its sole limited partner is YGE Holdings, LLC, a Delaware limited liability company. (Id. ¶ 4.) YGE Holdings, LLC's sole member, in turn, is Yankee Global Enterprises LLC. (Id. ¶ 5.) Yankee Global Enterprises LLC's members include Yankees Holdings, L.P. (Id. ¶ 6.) One of Yankees Holdings, L.P.'s members is Southern Yankees, LLC. (Id. ¶ 7.) Finally, Frank Brenner, who is a citizen and resident of North Carolina, is a member of Southern Yankees, LLC. (Id. ¶ 8; Doc. 10-2 ¶ 1.) In his complaint, Lassiter alleges that he is a citizen and resident of North Carolina. (Doc. 1 at 1, 3.) Because Brenner and Lassiter are

5

both North Carolina citizens, the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

In the absence of diversity jurisdiction, Lassiter must establish another basis for the court's authority to act. However, Lassiter alleges no other basis, and the claims in his complaint are based only on state law. Lassiter's references to "antitrust" and "monopoly" in his motion for a hearing are insufficient to invoke this court's federal question jurisdiction under 28 U.S.C. § 1331. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." <u>Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC</u>, 713 F.3d 175, 184 (4th Cir. 2013). Lassiter offers absolutely no factual or legal allegation regarding any antitrust claim, nor does he cite to any legal authority. As a result, in addition to an absence of any pleading setting forth an antitrust claim, Lassiter's sparse references to antitrust in his motion fail to meet even the modest pleading standard set out in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) (requiring that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). Lacking any federal question raised in the complaint and having already determined that diversity jurisdiction does not exist, the court is unable to further adjudicate Lassiter's claims.

6

The Yankees invite the court to proceed to resolve its second motion to dismiss on the merits. (Doc. 15 at 11-12.) But where subject matter jurisdiction is lacking, the court is powerless to proceed to the merits of any claim and must simply dismiss all claims without prejudice. Southern Walk, 713 F.3d at 185. Therefore, the Yankees' motion to dismiss for lack of subject matter jurisdiction will be granted and its motion to dismiss for failure to state a claim will be denied without prejudice.

For these reasons,

IT IS ORDERED that the Yankees' motion to dismiss for lack of subject matter jurisdiction (Doc. 9) is GRANTED, the complaint is DISMISSED WITHOUT PREJUDICE, and the Yankees' motion to dismiss for failure to state a claim (Doc. 14) is DENIED WITHOUT PREJUDICE. To the extent Lassiter sought relief in his motion for a hearing (Doc. 13), the court finds that a hearing would not aid the decisional process, and any further request for relief is DENIED WITHOUT PREJUDICE.

                                        /s/   Thomas D. Schroeder
                                  United States District Judge

May 22, 2019